IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Submitted on Briefs February 12, 2003

## BRENDA GAIL McNEELEY JONES v. DAVID WAYNE JONES

**Appeal from the Chancery Court for Washington County**
**No. 22370     G. Richard Johnson, Chancellor**

**FILED APRIL 14, 2003**

**No. E2002-01684-COA-R3-CV**

---

In this post-divorce case, David Wayne Jones (Husband) filed a motion requesting the Trial Court to discontinue alimony payments. The sole basis for the motion was that Brenda Gail McNeeley Jones (Wife) was "currently residing with a male individual." Wife denied that a reduction in alimony was appropriate, due to her alleged continuing need and Husband's continuing ability to pay. Wife moved for an increase in alimony payments due to her "increased medical expenses, and vocational disability that [she] suffers by reason of the need for eye surgery." The Trial Court awarded Husband a reduction in the amount of alimony from $1,500 per month to $1,000 per month. On appeal, Husband argues that the Trial Court erred by refusing to eliminate the alimony payments, and Wife argues that the Court erred by reducing them. We affirm the judgment of the Trial Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and CHARLES D. SUSANO, JR., JJ., joined.

Thomas C. Jessee, Johnson City, for Appellant David Wayne Jones

Lois B. Shults-Davis, Erwin, for Appellee Brenda Gail McNeeley Jones

**OPINION**

The parties were divorced in 1984. In 1991, both parties returned to Court seeking modification of Husband's alimony payments. At that time, the payments were set at $1,500 per month. Husband filed a motion seeking discontinuation of alimony payments on July 2, 2001. As noted above, the ground for his motion was that Wife was cohabitating with a man in Ontario, Canada. Wife admitted that she is involved in a romantic relationship and living with a male individual, but argued that she still has substantial need of alimony payments, and Husband continues to have the ability to pay.

The Trial Court found that there were appropriate statutory grounds to modify the alimony payments from $1,500 per month to $1,000 per month. The Court further ruled that "in order to accommodate [Wife's] need for eye surgery which the Court does believe to be a medically necessary procedure, . . .the reduction in alimony should be postponed[.]"[1]

As the Trial Court recognized, the governing statute in this case is T.C.A. 36-5-101(a)(3), which provides in relevant part as follows:

> (3) In all cases where a person is receiving alimony in futuro and the alimony recipient lives with a third person, a rebuttable presumption is thereby raised that:
> (A) The third person is contributing to the support of the alimony recipient and the alimony recipient therefore does not need the amount of support previously awarded, and the court therefore should suspend all or part of the alimony obligation of the former spouse; or
> (B) The third person is receiving support from the alimony recipient and the alimony recipient therefore does not need the amount of alimony previously awarded and the court therefore should suspend all or part of the alimony obligation of the former spouse.

After hearing the testimony of the parties, the Court ruled as follows:

> After careful review of the testimony and the Exhibits filed, and careful consideration of all statutory factors with regard to the award, termination, and/or reduction of alimony, that [Husband] has failed to prove any sufficient change of circumstances making appropriate a termination of alimony;
> The [Wife] has failed to prove a sufficient change of circumstances to make an increase in spousal support appropriate;
> That, by reason of the living circumstances of the [Wife], that a presumption of support by a third party arose in this cause and that [Wife] has failed to completely overcome or rebut that Statutory presumption[.]

This is a non-jury case and, accordingly, our review is *de novo* upon the record of the Trial Court. A trial court's findings of fact are entitled to a presumption of correctness and, absent evidence preponderating to the contrary, we must affirm those findings pursuant to T.R.A.P. 13(d).

---

[1]The Court's order regarding when the reduction would take effect is inconsistent. One paragraph states that "The current alimony amount of $1,500.00 per month shall be paid through October 2002." Another paragraph states: "That as of September 2002, the amount of alimony payable in this cause, pursuant to the Court's prior Order, shall be reduced to $1,000.00." Neither party points out or comments on this inconsistency on appeal.

*Kincaid v. Kincaid*, 912 S.W.2d 140 (Tenn.Ct.App.1995). There is no presumption of correctness regarding a trial court's conclusions of law. *Campbell v. Florida Steel Corp.*, 919 S.W.2d 26 (Tenn.1996).

The Supreme Court has recently stated the following in regard to our standard of review in cases involving a modification of spousal support payments:

> Because modification of a spousal support award is "factually driven and calls for a careful balancing of numerous factors," *Cranford v. Cranford*, 772 S.W.2d 48, 50 (Tenn.Ct.App.1989), a trial court's decision to modify support payments is given "wide latitude" within its range of discretion, *see Sannella v. Sannella*, 993 S.W.2d 73, 76 (Tenn.Ct.App.1999). In particular, the question of "[w]hether there has been a sufficient showing of a substantial and material change of circumstances is in the sound discretion of the trial court." *Watters v. Watters*, 22 S.W.3d 817, 821 (Tenn.Ct.App.1999) (citations omitted). Accordingly, "[a]ppellate courts are generally disinclined to second-guess a trial judge's spousal support decision unless it is not supported by the evidence or is contrary to the public policies reflected in the applicable statutes." *Kinard v. Kinard*, 986 S.W.2d 220, 234 (Tenn.Ct.App.1998); see also *Goodman v. Goodman*, 8 S.W.3d 289, 293 (Tenn.Ct.App.1999) ("As a general matter, we are disinclined to alter a trial court's spousal support decision unless the court manifestly abused its discretion.").

*Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001).

At the time of the hearing, Wife had lived in Ontario, Canada, for approximately two years. She testified that she had lived in a house with her paramour, who owns the house, for the entire time she had been in Canada. Wife stated that she pays for groceries and cleaning supplies for both of them, but does not pay for any of the other expenses related to the house. Wife works approximately 30 hours per month as a nurse. She testified that she has applied for full-time work, but has been rejected due to the Canadian seniority system. Wife earned $35,070 in wages for the year 2001. At the time of the hearing she did not have any health care benefits through her employment.

Wife filed a sworn statement of income and expenses, which, even including $1,500 per month income from alimony payments, showed a monthly deficit in the amount of $222.25.[2] The accuracy and reasonableness of her statement of expenses was not seriously attacked at the hearing, and it does not appear unreasonable or inflated to this Court. Wife testified that she has been able

---

[2]Wife's income and expense statement lists itemized expenses and a sum total. The sum total recorded on the statement is $6,972.00; however, the correct total of the listed itemized expenses is $6,222.25. No one at trial nor on appeal has commented on this discrepancy.

to accumulate between $3,000 and $4,000 in a savings account, and roughly $7,000 in retirement savings.

Wife testified that her paramour is not a man of great means, and that he works in the construction industry. There is no indication in the record that he provides financial support with regard to any of Wife's other expenses. Husband, who is a medical doctor, had an income of $214,000 in 2001, and does not dispute that he has the ability to continue making spousal support payments.

Wife suffers from an eye condition which requires surgical correction and treatment. She testified that the cost of the surgery is $11,000 and she will have to be off work for four to six weeks in order to recover. The cost of the surgery and the resultant lost income is the primary basis for Wife's motion for an increase in the amount of Husband's alimony payments.

Based upon our review of the record and the pertinent statutory authorities in this case, we do not find that the Trial Court abused its discretion in ordering spousal support payments reduced from $1500 to $1000 per month. We reach this conclusion because we find the wife failed to completely overcome or rebut the presumption set forth in T.C.A. 36-5-101(a)(3), more particularly subsection (B), which addresses third persons receiving support from an alimony recipient.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for collection of costs below. Costs of appeal are adjudged against Appellant David Wayne Jones and his surety.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE